IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARVIN LAGAYE STOKES,** | ) | |
| ID #42946-177 | ) | |
|       Movant, | ) | |
| vs. | ) | No. 3:16-CV-1833-L-BH |
| | ) | No. 3:11-CR-0106-L (7) |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|       Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255* should be **DENIED** with prejudice.

**I.  BACKGROUND**

Marvin Lagaye Stokes (Movant) challenges his federal conviction and sentence in Cause No. 3:11-CR-106-L(7). The respondent is the United States of America (Government).

On April 19, 2011, Movant was charged by indictment with conspiracy to possess with intent to distribute more than 28 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. (*See* doc. 1.)[1] He pled guilty on July 14, 2011. (*See* doc. 219.)

On September 29, 2011, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2010 United States Sentencing Guidelines Manual (USSG). (*See* doc. 290-1 at 10, ¶ 23.)  The PSR used two methods to determine the offense level.  Under the first method, it assessed a base offense level under USSG § 2D1.1(c)(7) of 26. (*See id.*, ¶ 24.)  Three

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:11-CR-106-L(7).

levels were reduced for acceptance of responsibility, resulting in a total offense level of 23. (*See id*. at 11, ¶¶ 29, 30.) Under the second method, the PSR determined that Movant was a career offender, because he had at least two prior convictions for a crime of violence. (*See id*., ¶ 31.) The offense level as a career offender under USSG § 4B1.1(b)(B) was 34, which was reduced to 31 after the same three-level reduction for acceptance of responsibility. (*See id*., ¶¶ 31, 32, 33.) It appears that the career offender offense level of 31 was used to determine the guideline range in the PSR because it was greater than the offense level of 23 under the other method of calculation. His criminal history category was six, and the resulting guideline range was 188-235 months of imprisonment. (*See id*. at 19, ¶ 70.)

At the sentencing hearing on January 25, 2012, Movant was sentenced to 150 months' imprisonment. (*See* doc. 346 at 2.) He did not appeal.

Movant contends that the career offender sentencing guideline that increased his offense level was unconstitutionally vague in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). (3:16-CV-1833-L, doc. 2 at 3.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising

the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.  *JOHNSON* CLAIM

Movant contends that the career offender sentencing guideline that increased his sentence was unconstitutionally vague under *Johnson v. United States*, 135 S.Ct. 2551 (2015). His claim lacks merit.

In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

*Johnson* does not apply to Movant because he was not sentenced under the ACCA. His offense level was based on prior convictions for crimes of violence under USSG § 4B1.1(b)(B). The sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause.

*Beckles v. United States*, 137 S.Ct. 886, 895 (2017).

To the extent that Movant is claiming that he should not have been sentenced as a career offender under the sentencing guidelines because his prior convictions were crimes of violence, this claim is not cognizable under § 2255. A misapplication of a sentencing guideline is not cognizable in a § 2255 motion, because it is not constitutional error and it is error that could have been raised on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (holding that a claim that a prior conviction should not have been used to determine a defendant's career offender status under the sentencing guidelines was not cognizable in a § 2255 motion). Movant is not entitled to relief on his claim.

## IV.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 23rd day of October, 2017.

                                                     _____
                                                     IRMA CARRILLO RAMIREZ
                                                     UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE